UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SHARONDA L. FREEMAN , <br><br> Plaintiff, <br><br> v. <br><br> FLAGSHIP RESORT DEVELOPMENT CORPORATION, <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 3:18-cv-02740 <br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes SHARONDA L. FREEMAN ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of FLAGSHIP RESORT DEVELOPMENT CORPORATION ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.* and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exist for the state law claim pursuant to 28 U.S.C. §1337 because it arises out of the common nucleus of operative facts of Plaintiff's federal question claims.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Texas and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Texas.

## PARTIES

4. Plaintiff is a natural person over 18 years-of-age residing in Lancaster, Texas, which is located within the Northern District of Texas.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant is both a telemarketer and a seller of goods or services, including timeshares and vacation properties, to consumers. Defendant is a corporation organized under the laws of New Jersey with its principal place of business located at 60 N. Maine Avenue, Atlantic City, New Jersey 08401.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. Around the summer of 2018, Plaintiff began receiving calls to her cellular phone, (469) XXX-9267, from Defendant.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -9267. Plaintiff is and always has been financially responsible for the cellular phone and its services.

11. Defendant has mainly used the phone number (609) 672-3524 when placing calls to Plaintiff's cellular phone, but upon belief, it has other numbers as well.

12. Upon information and belief, the above referenced phone number ending in -3524 is regularly utilized by Defendant during its debt collection activity.

13. Upon answering calls from Defendant, Plaintiff has experienced a significant pause, lasting several seconds in length, before a live representative begins to speak.

14. Plaintiff has never had any business relationship with Defendant nor has she ever given it permission to call her cellular Phone, so Plaintiff was confused as to why Defendant was contacting her.

15. Upon speaking with Defendant, Plaintiff is informed that it is acting as a debt collector attempting to collect upon a debt owed by an individual with whom Plaintiff was unfamiliar.

16. Accordingly, Plaintiff informed Defendant that it was calling the wrong party and demanded that Defendant cease contacting her.

17. Plaintiff even returned s Defendant's calls to further reiterate that it was calling the wrong party and that she wanted the calls to stop.

18. Despite Plaintiff's demands and the information provided to Defendant, Plaintiff has still received systematic phone calls from Defendant up until October of 2018.

19. Defendant has called Plaintiff's cellular phone multiple times during the same day, even after being told to stop.

20. Concurrently, Defendant has also sent several collection e-mails to Plaintiff during its collection campaign.

21. Plaintiff has responded to Defendant's e-mails to inform it that she is not the party it is trying to reach.

22. Due to the incessant nature of these contacts, on May 22, 2018, Plaintiff sent, via certified mail, a letter to Defendant's headquarters, demanding that Defendant "cease contact with [her]." *See* attached Exhibit A for a true and correct copy of Plaintiff's certified mailing to Defendant.

23. On May 26, 2018, Defendant received Plaintiff's letter. *See* attached Exhibit B for tracking information pertaining to Plaintiff's certified mailing.

24. Despite Defendant lacking permission to call Plaintiff's cellular phone, as well as being told that the individual it was contacting was unknown and to stop calling, Defendant still placed numerous phone calls to Plaintiff's cellular phone.

25. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

26. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

27. With the goal of specifically addressing Defendant's conduct, as her oral and written attempts at the same were unfruitful, Plaintiff was forced to incur fees associated with purchasing stamps and sending a certified letter.

28. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls intended for an unknown individual, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

29. Plaintiff repeats and realleges paragraphs 1 through 28 as though fully set forth herein.

30. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent.

31. The TCPA, pursuant to 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

32. Defendant used an ATDS in connection with its communications directed towards Plaintiff. The noticeable pause, lasting several seconds in length, which Plaintiff experiences during answered calls before being connected to a live representative of Defendant is instructive that an ATDS was being used. Similarly, the frequency and nature of Defendant's calls strongly suggests that an ATDS is being utilized.

33. Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS without her consent. Plaintiff does not have any business relationship with Defendant nor has she ever given it permission to call her cellular phone. Defendant was contacting Plaintiff looking for a different individual who has no relation to Plaintiff. As such, Plaintiff could not have given Defendant consent to contact her, but yet, Plaintiff still continued to receive numerous calls intended for this unknown individual.

34. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

35. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C). Ceaselessly contacting an individual is willful and knowing behavior, especially since Plaintiff notified Defendant multiple times that she was not the

person it was seeking to collect upon and to stop contacting her.  Defendant was aware that it was contacting the wrong person but consciously chose to proceed in light of that knowledge in an effort to harass Plaintiff into submission.  Defendant did not have a legal right to contact Plaintiff, but its conduct exemplifies that Defendant will attempt to extract payment out of innocent consumers.

WHEREFORE, Plaintiff, SHARONDA L. FREEMAN, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Enjoining Defendant from placing any more phone calls to Plaintiff's cellular phone;

c. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

d. Awarding Plaintiff costs and reasonable attorney fees; and

e. Awarding any other relief as this Honorable Court deems just and appropriate

## COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

36. Plaintiff restates and realleges paragraphs 1 through 35 as though fully set forth herein.

37. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

38. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6).

39. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

### a. Violations of TDCA § 392.302

40. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously,

or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

41. Defendant violated the TDCA when it continued to call Plaintiff's cellular phone numerous times after she notified it to stop calling. This repeated behavior of systematically calling Plaintiff's phone despite her demands was oppressive, harassing, and abusive. The repeated contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately make a payment. The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her.

42. Upon being told to stop calling, Defendant had ample reason to be aware that it should cease its harassing campaign of collection phone calls. Nevertheless, Defendant consciously chose to continue placing calls to Plaintiff's cellular phone.

WHEREFORE, Plaintiff, SHARONDA L. FREEMAN, respectfully requests that this Arbitrator enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: October 16, 2018                                  Respectfully submitted,

s/ Nathan C. Volheim                                     s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                         Taxiarchis Hatzidimitriadis, Esq. #6319225

| | |
|---|---|
| Counsel for Plaintiff<br>Admitted in the Northern District of Texas<br>Sulaiman Law Group, Ltd.<br>2500 South Highland Ave., Suite 200<br>Lombard, Illinois 60148<br>(630) 568-3056 (phone)<br>(630) 575-8188 (fax)<br>nvolheim@sulaimanlaw.com | Counsel for Plaintiff<br>Admitted in the Northern District of Texas<br>Sulaiman Law Group, Ltd.<br>2500 South Highland Ave., Suite 200<br>Lombard, Illinois 60148<br>(630) 581-5858 (phone)<br>(630) 575-8188 (fax)<br>thatz@sulaimanlaw.com |